MILLARD F. RILEY, Respondent, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant.

*Evidence — when a verbal agreement is not merged in a written contract subsequently executed — power of an agent of a railroad to make a special contract as to shipping freight.*

The plaintiff entered into a verbal agreement with the defendant's agent, at Lockport, by which the latter agreed to furnish a car and transfer a load of peaches from that place to Olean, without a change of cars. Thereafter the plaintiff fitted up, at his own expense, a car furnished by the agent, and loaded it with peaches. The car was sent to Buffalo, where the peaches were placed in a car belonging to a connecting carrier and transported to Olean. At the time of shipping the peaches the plaintiff received from the agent a shipping bill providing for carrying the goods to Buffalo, where the defendant's line ended.

In an action to recover damages for a breach of the agreement:

*Held,* that the verbal agreement to send the peaches to Olean without a change of cars, was not merged in the shipping bill, as no reference thereto was made therein.

That the agreement was within the scope of the agent's authority, and that the defendant was bound thereby.

Hun—13   Vol. XXXIV

APPEAL from a judgment of the Cattaraugus County Court, entered on a verdict in favor of the plaintiff, rendered on a new trial in that court, upon an appeal from a justice's judgment.

*Sprague, Milburn & Sprague,* for the appellant.

*Cary, Jewell & Ramsey,* for the respondent.

SMITH, P. J.:

Action to recover damages for the breach of an alleged agreement made at Lockport between the plaintiff and the defendant's agent, that the defendant would provide the plaintiff a car for the transportation of a car load of peaches from Lockport to Olean, and that the same should be carried through without a transfer of the peaches to another car.

The plaintiff gave evidence tending to show the making of the alleged agreement, verbally, by the defendant's agent at Lockport, and that in pursuance of such agreement the plaintiff fitted up at his own expense and loaded with peaches a car furnished to him by the defendant for that purpose, and that instead of the peaches being carried through in the same car to Olean, they were transferred to another car at Buffalo, thus causing the damages complained of.

At Buffalo the defendant's road connected with the road of the Buffalo, New York and Philadelphia Railroad Company, which ran from Buffalo to Olean.

At the time when the peaches were shipped at Lockport the plaintiff received from the defendant's agent a shipping bill which, the defendant's counsel contends, merged the parol agreement relied on by the plaintiff, and constitutes the only contract between the parties. The shipping bill simply related to the carriage of the peaches from Lockport to Buffalo and contained no allusion to their transportation beyond that point. The parol agreement related to a different subject. It is apparent from the evidence that both parties understood that the peaches were to be carried from Buffalo to Olean by the connecting company, and the parol agreement was to the effect that the transit from Buffalo to Olean should be effected without a change of cars. For these reasons we think the parol agreement was not merged in the shipping bill.

Nor do we doubt that the parol agreement was within the scope of the authority of the defendant's agent. His general business was to receive freight and contract for its transportation. In the language of DANFORTH, J., in *Fishkill Savings Institution* v. *National Bank* (80 N. Y., 162, 168), "that cannot be extrinsic to his employment which is adopted as a means of accomplishing the object of his agency." It is evident that the plaintiff would not have employed the defendant to carry the peaches, but for the agreement of the latter that they should go through to Olean without change. The agreement of the plaintiff to ship by the defendant's road, and his fitting up the car for the purpose, at his own expense, were a sufficient consideration for the agreement sued on. The delivery of the car by the defendant to the connecting road at Buffalo did not relieve the defendant from the consequences of a breach of its agreement that the car should go through to Olean without change. It is no answer to say that after such delivery the car was beyond its control. It was the duty of the defendant to make an arrangement with the connecting company by which its agreement with the plaintiff would have been carried out. It was not a fatal error to permit the plaintiff to show that subsequently to the making of the agreement he had shipped perishable property over the defendant's road and that of the Buffalo, New York and Pittsburgh Company from Lockport to Olean without transferring the cargo. The testimony bore upon the extent of the authority of the agent, or, if not, it was immaterial and harmless.

The judgment should be affirmed.

HAIGHT and BRADLEY, JJ., concurred; BARKER, J., not sitting.

Judgment affirmed, with costs.